IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES E. GREEN, RICHARD | § | |
| GREEN, HUGO SANCHEZ, NICANDRO | § | |
| DELGADO, RAUL DELGADO, and JUAN | § | |
| GALVAN, Individually and on Behalf of | § | |
| All Others Similarly Situated, | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | CAUSE NO. 3:14-cv-00125 |
| | § | (Jury Demanded) |
| ASKEW & WORKERS | § | |
| CONSTRUCTION, INC., | § | |
| *Defendant* | § | |

## DEFENDANT'S ANSWER

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Askew & Workers Construction, Inc. ("Defendant"), in response to the claims and allegations contained within Plaintiffs' Original Complaint, files its Answer and would respectively show the Court and Jury as follows:

1. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each allegation contained within the Plaintiffs' complaint except those expressly admitted herein.

2. Defendant DENIES that Plaintiffs are entitled to the relief sought in paragraph 1 of the Complaint, but Defendant ADMITS the factual allegations contained within paragraph 1 of the Complaint are the remedies Plaintiff is seeking.

3. Defendant ADMITS the Plaintiffs wish to establish an opt-in collective action under the FLSA. Defendant DENIES the remaining allegations in paragraph 2 which require a response from this Defendant.

4. Defendant DENIES the factual allegations contained within paragraph 3 of the Complaint, except to the extent that legal conclusions are alleged, to which no response is necessary.

5. Defendant DENIES the allegations of paragraph 4 of the Complaint.

6. Defendant DENIES the allegations in the first sentence of paragraph 6 of the Complaint in that all Plaintiffs were not employees pursuant to the meaning under the FLSA, however Defendant ADMITS that Plaintiffs were laborers. Defendant ADMITS the factual allegations in the second sentence of paragraph 6.

7. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 7 of the Complaint, and therefore DENIES the allegations.

8. Defendant ADMITS the allegations of paragraph 8 of the Complaint.

9. Defendant ADMITS the allegations of paragraph 9 of the Complaint.

10. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 10 of the Complaint, and therefore DENIES the allegations.

11. In response to paragraph 11 of Plaintiffs' complaint, Defendant admits this Court has jurisdiction to adjudicate the claims brought in this case.

12. In response to paragraph 12 of Plaintiff's complaint, Defendant admits this Court has jurisdiction to adjudicate the claims brought in this case.

13. Defendant ADMITS the allegations of paragraph 13 of the Complaint, in that venue is proper in this Court.

14. Defendant ADMITS the allegations in the first sentence of paragraph 14 of the Complaint. Defendant DENIES the allegations in the second sentence of paragraph 14.

15. Defendant ADMITS the allegations in paragraph 15.

16. Defendant ADMITS the operations of Defendant's construction projects and the wages and compensation of Plaintiffs are similar, however Defendant lacks sufficient information to ADMIT or DENY the allegations of similarly situated laborers, and therefore DENIES the remaining allegations in paragraph 16.

17. Defendant ADMITS that Plaintiffs engaged in manual labor construction duties including but not limited to: loading and unloading materials and equipment at the worksite, cleaning the worksite, moving materials around

the project site, and pouring and constructing concrete slabs for buildings. Defendant DENIES the remaining allegations in paragraph 17 which require a response from this Defendant.

18. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 18 of the Complaint, and therefore DENIES the allegations.

19. Defendant ADMITS the allegations in paragraph 19.

20. Defendant ADMITS the allegations in paragraph 20.

21. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 21 of the Complaint, and therefore DENIES the allegations.

22. Defendant DENIES the allegations in paragraph 22.

23. Defendant ADMITS the allegations in paragraph 23.

24. Defendant ADMITS the allegation in paragraph 24 that it deducted gas expenses from some of Plaintiffs' pay. Defendant denies the remaining allegations in paragraph 24 which require a response from this Defendant.

25. Defendant ADMITS the allegations in paragraph 25.

26. Defendant ADMITS the allegations in paragraph 26.

27. Defendant ADMITS the allegation that it did not keep a time clock for Plaintiffs to record the time worked. Defendant DENIES the remaining allegations in paragraph 27 which require a response from this Defendant.

28. Defendant DENIES the allegations in paragraph 28.

29. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 29 of the Complaint, and therefore DENIES the allegations.

30. Defendant ADMITS the allegations in paragraph 30.

31. Defendant ADMITS the allegations in paragraph 31.

32. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 32 of the Complaint, and therefore DENIES the allegations.

33. Defendant lacks sufficient information to ADMIT or DENY the allegations of paragraph 33 of the Complaint, and therefore DENIES the allegations.

34. Defendant ADMITS the allegations in paragraph 34.

35. Defendant ADMITS the allegations in paragraph 35 as to Plaintiffs, but lacks sufficient information to ADMIT or DENY the allegations of paragraph 35 of the Complaint as to similarly situated laborers, and therefore DENIES the allegations.

36. Defendant DENIES the allegations in paragraph 36, except to the extent that legal conclusions are alleged, to which no response is necessary.

37. Defendant DENIES the allegations in paragraph 37, except to the extent that legal conclusions are alleged, to which no response is necessary.

38. Defendant DENIES the allegations in paragraph 38.

39. Defendant DENIES the allegations in paragraph 39.

40. Defendant DENIES the allegations in paragraph 40.

41. Defendant DENIES the allegations in paragraph 41.

42. Defendant DENIES the allegations in paragraph 43.

43. Defendant DENIES the allegations in paragraph 44.

44. Defendant lacks sufficient information to ADMIT or DENY the allegations in paragraph 45 of the Complaint, and therefore DENIES the allegations.

45. Defendant DENIES the allegations in paragraph 46, except to the extent that legal conclusions are alleged, to which no response is necessary.

46. Defendant lacks sufficient information to ADMIT or DENY the allegations in paragraph 47 of the Complaint, and therefore DENIES the allegations.

47. Defendant DENIES the allegations in paragraph 48, except to the extent that legal conclusions are alleged, to which no response is necessary.

48. Defendant lacks sufficient information to ADMIT or DENY the allegations in paragraph 52 of the Complaint, and therefore DENIES the allegations.

49. Defendant lacks sufficient information to ADMIT or DENY the allegations in paragraph 53 of the Complaint, and therefore DENIES the allegations.

50. Defendant DENIES the allegations in paragraphs 55-66.

51. Defendant DENIES the allegations in paragraphs 69-77.

52. Defendant DENIES the allegations in paragraph 78, and DENIES that Plaintiffs are entitled to the relief sought in paragraph 78 of the Complaint.

53. Defendant DENIES the allegations in paragraph 80.

54. Defendant ADMITS the allegations in paragraph 81.

55. Defendant lacks sufficient information to ADMIT or DENY the allegations in paragraph 82 of the Complaint, and therefore DENIES the allegations.

56. Defendant DENIES the allegations in paragraphs 83-84.

57. Defendant DENIES the allegations in paragraphs 86-90.

58. Defendant DENIES the allegations in paragraph 91, and DENIES that Plaintiffs are entitled to the relief sought in paragraph 91 of the Complaint.

59. Defendant DENIES that Plaintiffs are entitled to the relief sought in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

60. Defendant asserts the following affirmative defenses to the allegations in Plaintiffs' Complaint.

### FIRST DEFENSE

61. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

### SECOND DEFENSE

62. Defendant's actions were in good faith, and it had a reasonable ground for believing that it was in compliance with the Fair Labor Standards Act.

### THIRD DEFENSE

63. Plaintiffs have failed to mitigate damages as required by law.

### FOURTH DEFENSE

64. Some or all of Plaintiffs' claims are barred by the doctrines of estoppel, fraud, and illegality.

### FIFTH DEFENSE

65. Defendant reserves the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

### <u>PRAYER</u>

WHEREFORE, Defendant Askew & Workers Construction, Inc. respectfully prays that it be released, discharged, and acquitted of all charges and allegations filed against it, that judgment be rendered in its favor, either prior to, or at the conclusion of a trial, that Plaintiffs take nothing by reason of this suit, and that Defendant recover all costs of court and attorney's fees incurred in defending against Plaintiffs' claim, as well as such other and further general relief to which Defendant may be justly entitled.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully Submitted,


BY/s/Sarah C. Dionne                                
 **SARAH C. DIONNE**
 **Attorney in Charge**
 **State Bar No. 24072229**
 **Federal ID No. 1477512**
 **GEORGE K. FARAH**
 **State Bar No.  24040882**
 **Federal ID No. 38353**
 **GUERRA & FARAH, PLLC**
 **4101 Washington Ave., Third Floor**
 **Houston, Texas 77007**
 **T:  (713) 529-6606**
 **F:  (713) 529-6605**
 **E: gkf@gflawoffices.com**
 **E: scd@gflawoffices.com**

ATTORNEYS FOR DEFENDANT
ASKEW & WORKERS CONSTRUCTION,
INC.

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon Plaintiffs' counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 6th day of May, 2014.

Rhonda H. Wills
Wills Law Firm, PLLC.
1776 Yorktown, Suite 570
Houston, Texas 77056
F: 713-528-2047

_____
Sarah C. Dionne

4840-0183-1450, v. 2